## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENZHOU XIN XIN SANITARY WARE CO., LTD., <br> *Plaintiff*, <br> v. <br> DELTA FAUCET COMPANY, <br> *Defendant*. | Civil Action No. 2:23-CV-2038 |

### ORIGINAL COMPLAINT

Plaintiff Wenzhou Xin Xin Sanitary Ware Co., Ltd. a.k.a. Wenzhou Xinxinweiyuyouxiangongsi ("Plaintiff" or "Xin") primarily seeks a declaratory judgment of patent non-infringement of certain glass rinsers as defined herein ("Xin Glass Rinsers") against U.S. Patent No. 11,473,277 ("the '277 Patent").

### INTRODUCTION

1. Over the past twenty years, online retailing has revolutionized how companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2. The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is U.S.-specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3.  Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express ("APEX").

4.  In sum, after Amazon receives a patent infringement complaint, it contacts the accused Sellers and urges them to negotiate with the patent owner. If the patent owner initiates an APEX proceeding, the Seller may opt not to participate, but that refusal means Amazon will remove ("de-list") the accused product listings from the Amazon Marketplace.

5.  An Amazon APEX is decided by a single neutral evaluator chosen by Amazon. Once begun, the process lasts only a few weeks. The evaluator is paid a fixed fee for the APEX, borne by the losing side. The patent owner identifies the accused products by ASIN No. and a single claim of one patent allegedly infringed. Each side is permitted one brief on infringement. The evaluator may not consider validity unless the asserted patent claim has already been ruled invalid by a court or by the U.S. Patent Office.

6.  Amazon's procedures require the evaluator to determine whether the patent owner is "likely to be able to prove" the accused products infringe the asserted claim. The evaluator does not explain their reasoning if they find for the patent owner but must provide a brief explanation if they rule against the patent owner. If the patent owner wins, Amazon de-lists the accused products until the parties notify Amazon that the dispute has been resolved and the infringement complaint withdrawn. There is no appeal.

7. Amazon APEX proceedings are heavily weighted in favor of patent owners. They are not suited to evaluating complex technical issues, and the speed, limited scope, high stakes, and inability to appeal all place tremendous pressure on accused sellers to capitulate, particularly online retailers deriving most of their revenue from Amazon sales.

8. It is against this backdrop that Defendant Delta Faucet Company ("Defendant" or "DFC") has reported to Amazon meritless "Intellectual Property Violations" by Xin Glass Rinsers sold on Amazon, specifically alleging infringement of the '277 Patent, and resulting in the potential delisting of certain Xin Glass Rinsers.

## NATURE OF THE ACTION

9. This is an action for Declaratory Judgment of patent non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

## PARTIES

10. Plaintiff Sanitary Ware is a type of foreign limited company organized under the laws of the People's Republic of China. Sanitary Ware sells kitchen appliances and accessories on Amazon under the store and brand name "HGN Sanitary Ware."

11. Upon information and belief, Defendant DFC is a domestic for-profit corporation organized under the laws of the State of Indiana with a principal place of business at 17450 College Parkway, Livonia, Michigan, 48152.

12. Upon information and belief, Defendant DFC has regular and established places of business in East Rutherford, New Jersey and Westampton, New Jersey.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq.* Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

14. Defendant DFC is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the New Jersey Long Arm Statute, due at least to DFC's substantial business in this State and District, including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from New Jersey residents.

15. Venue is proper in this District pursuant to 28 U.S.C. 1400(b).

## THE SANITARY WARE PRODUCTS

16. Sanitary Ware is an e-commerce company selling kitchen appliances and accessories on Amazon under the storefront and brand name "HGN® Sanitary Ware." For example, Sanitary Ware sells kitchen and bathroom faucets, shower systems, and glass rinsers.



17.The Xin Glass Rinsers at issue are identified by ASIN Nos. B094F43RJ8, B0B7M47XCH, B08T1QP8ST, B0B7M7M7C3, B09VKBBJYD, B095S2HH8W, B09WDQNMFY, B09QPHKVFD, B0BRXHCYFD, and B0B7M6YCXM. Each ASIN sells Xin Glass Rinsers that are functionally equivalent and only differ in finish, *i.e.*, brushed nickel, matte black, chrome, *etc*.

18.The HGN Sanitary Ware storefront has garnered 4.6 out of 5 stars out of 3,040 lifetime global customer ratings. The HGN Sanitary Ware kitchen appliances and accessories are known for their outstanding quality and dependability at an affordable price point.

19.The Amazon Marketplace constitutes Sanitary Ware's primary sales channel into the United States. To remain competitive in the United States market for glass rinsers, Sanitary Ware needs their products listed in the Amazon Marketplace.

20.Defendant DFC's ability to use the APEX as an inequitable injunction significantly harm Sanitary Ware. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" Badge or the "Amazon Bestseller" designations which create a significant sales boost.

## **U.S. PATENT NO. 11,473,277**

21.Defendant DFC is the applicant and assignee of record of the '277 Patent, attached as Exhibit A.

22.The '277 Patent is entitled "Vessel Rinsing Apparatus" and generally discloses "A vessel rinsing apparatus including a mounting base, a fluid discharge member including a plurality of nozzles, a valve member operably coupled to the fluid discharge member and configured to

control water flow through the nozzles, and an escutcheon supported by the mounting base." Exhibit A at Abstract.

23. The '277 Patent issued on October 18, 2022 and has an effective filing date of September 14, 2018.

24. The '277 Patent has three independent claims and twenty-one dependent claims, each claiming a vessel ring apparatus and/or a fluid delivery device.

## DEFENDANT DFC

25. Defendant DFC is an American manufacturer of plumbing fixtures. DFC is a subsidiary of Masco Corporation. DFC manufactures and markets faucets, bath/shower fixtures, and toilets under the Delta, Kraus, Peerless, and Brizo brand names.

26. On or around March 24, 2023, DFC initiated an APEX procedure asserting claim 1 of the '277 Patent against the Sanitary Ware Glass Rinser identified by ASIN No. B0B7M6YCXM. *See* Exhibit B, Amazon Patent Evaluation Express Agreement.

27. Sanitary Ware opted not to participate in the APEX, resulting in Amazon removing the listing of the Sanitary Ware Glass Rinser identified by ASIN No. B0B7M6YCXM.

## CLAIM I:
## DECLARATORY JUDGMENT OF NON-INFRINGMENT OF THE '277 PATENT

28. Sanitary Ware incorporates by reference the preceding paragraphs as though fully set forth herein.

29. An actual, continuing and justiciable controversy exists between Sanitary Ware and DFC as to the non-infringement of the '277 Patent, as evidenced by DFC's allegations of infringement on Amazon, as set forth above.

30. Pursuant to the Declaratory Judgment Act, Sanitary Ware requests a judicial determination and declaration that Sanitary Ware does not infringe and has not infringed, either

directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '277 Patent.

31. For example, the Xin Glass Rinsers do not meet each and every limitation of independent claims 1, 11, and 20. Likewise, since the independent claims are not infringed, neither are their dependent claims. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

32. Regarding independent claim 1, the Xin Glass Rinsers do not comprise at least "a mounting member," "a fluid discharge member," and "a valve member." Each of these limitations is subject to means-plus-function treatment under 35 U.S.C. § 112(f). Specifically, each of these limitations shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof. The Xin Glass Rinsers do not have the corresponding structures for at least one of the "mounting member," fluid discharge member," or "valve member."

33. Regarding independent claim 11, the Xin Glass Rinsers do not comprise at least "a mounting member," "a fluid discharge member," and "a valve member." Each of these limitations is subject to means-plus-function treatment under 35 U.S.C. § 112(f). Specifically, each of these limitations shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof. Moreover, the Xin Glass Rinsers do not comprise "wherein the drain channel slopes away from the fluid discharge member and the drain bowl to facilitate water drainage into the sink basin." The corresponding drain channel of the Xin Glass Rinsers is plainly not sloped to facilitate drainage.

34. Regarding independent claim 20, the Xin Glass Rinsers do not comprise at least "a mounting member," "a fluid discharge member," and "a valve member." Each of these limitations is subject to means-plus-function treatment under 35 U.S.C. § 112(f). Specifically, each of these limitations shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof. Moreover, the Xin Glass Rinsers are not "[a] fluid delivery device comprising: …a faucet including: a delivery spout having a water outlet; a valve fluidly coupled to the delivery spout, the valve configured to control water flow to the water outlet; and wherein the fluid discharge member of the vessel rinsing apparatus is in selective fluid communication with the valve of the faucet." The Xin Glass Rinsers plainly do not comprise a faucet nor any of the faucet related limitations.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment as follows:

A. Preliminary and permanent injunctions ordering Defendant DFC to withdraw all Amazon infringement complaints lodged against the Xin Glass Rinsers regarding the '277 Patent, and to refrain from lodging any further infringement complaints regarding the same.

B. A declaration that the Xin Glass Rinsers do not infringe any of the presumably valid claims of the '277 Patent; and

C. A declaration that this case is exceptional and an award to Sanitary Ware of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

D.	Such further and additional relief as the Court deems just and proper.

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through its undersigned counsel, hereby certifies that other than the Amazon Patent Evaluation Express described above, the matter in controversy is not the subject of any other action pending in any other action pending in any court, or of any pending arbitration or administrative proceeding. I certify under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 11, 2023	Respectfully submitted,

/s/ John H. Choi
John H. Choi (local counsel)
JOHN H. CHOI & ASSOCIATES LLC
65 Challenger Road, Suite 100
Ridgefield Park, NJ 07660
201.580.6600
201.628.1108 (facsimile)
jchoi@jchoilaw.com


Timothy T. Wang
Texas Bar No.: 24067927
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
972.331.4603
972.314.0900 (facsimile)
twang@nilawfirm.com

*Counsel for Plaintiff Wenzhou Xin Xin Sanitary Ware Co., Ltd.*