NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| WENZHOU XIN XIN SANITARY WARE CO., LTD., | : : : : | Civil Action No. 23-2038-ES-AME |
| Plaintiff, | : : | **OPINION** |
| v. | : : : | |
| DELTA FAUCET CO., | : : : | |
| Defendant. | : : | |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on the defendant's motion to transfer this action to the United States District Court for the Southern District of Indiana. Plaintiff opposes the motion. The Honorable Esther Salas, U.S.D.J., referred the motion to this Court pursuant to 28 U.S.C. § 636(a), which authorizes a magistrate judge to "hear and determine any pretrial matter before the court," with certain inapplicable exceptions. The Court has considered the parties' written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is granted, and the Court accordingly transfers this action to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a).

**I.    BACKGROUND**

This is a declaratory judgment action seeking a declaration of non-infringement and invalidity as to U.S. Patent No. 11,473,277 (the "'277 Patent"). (*See, generally,* Am. Compl.) The '277 patent pertains to the invention of a "vessel rinsing apparatus," consisting of an installable faucet accessory that shoots jets of water upward into drinkware when pressed down

onto the device. (*See* Am. Compl. Ex. A; Decl. of Susan Fisher ("Fisher Decl.") ¶ 8.)[1] The following summary sets forth facts relevant to this venue transfer motion.

Plaintiff Wenzhou Xin Xin Sanitary Ware Co., Ltd. ("Plaintiff"), a company organized under the laws of the People's Republic of China, engages in the online sale of kitchen appliances and accessories sold under the brand name "HGN Sanitary Ware." (Am. Compl. ¶ 10.) Its products include the "Sanitary Ware Glass Rinsers," and while various of these items are at issue in this action, as identified by a discrete product number, the Amended Complaint states they are "functionally equivalent and only differ in finish." (*Id.* ¶¶ 16-17.) Plaintiff's primary sales channel to the United States market, for the Sanitary Ware Glass Rinsers and other products, consists of the e-commerce platform Amazon Marketplace, which lists Plaintiff's products under its "HGN Sanitary Ware" storefront. (*Id.* ¶¶ 16, 19.)

Defendant Delta Faucet Company ("Defendant"), an Indiana corporation with its principal place of business in Indianapolis, manufactures residential and commercial faucets. (Fisher Decl. ¶¶ 2-4.)[2] It is a wholly-owned subsidiary of Masco Corporation of Indiana, which shares a headquarters with Defendant.[3] Defendant owns the '277 Patent, which covers a product sold under the brand name "Delta® Glass Rinser." (*Id.* ¶¶ 7, 12; Anania Decl. Ex. F.) According to its Vice President of Brand, Innovation, and Growth, Susan Fisher, "Delta Faucet . . . developed, designed, and engineered the Glass Rinser in Indiana from its Indiana headquarters, where the Glass Rinser was commercialized." (Fisher Decl. ¶ 10.) Fisher asserts that Defendant's

---

[1] The '277 Patent discloses a "vessel rinsing apparatus including a mounting base, a fluid discharge member including a plurality of nozzles, a valve member operably coupled to the fluid discharge member and configured to control water flow through the nozzles, and an escutcheon supported by the mounting base." (Am. Compl. ¶ 22 and Ex. A.)
[2] The Fisher Declaration is attached to the Declaration of Mark Anania as Exhibit A. For simplicity, it is referred to herein as the "Fisher Decl."
[3] Fisher also notes that Masco Corporation of Indiana and its parent company, Masco Corporation, own various companies, including Kraus USA Plumbing LLC and Steamist, Inc. (Fisher Decl. ¶ 19.) She asserts the various companies in the Masco portfolio, including Defendant, are distinct and separate legal entities. (*Id.*)

"marketing and sales operations have at all relevant times been situated in Indiana at its headquarters in Indianapolis" where various individuals with knowledge of the Glass Rinser's invention and commercialization remain employed. (*Id.* ¶¶ 10-11.) She further asserts that, although Defendant sells the Glass Rinser throughout the United States through third-party retailers and dealers (*id.* ¶ 9), "Delta Faucet does not have any facilities or operations in New Jersey." (*Id.* ¶ 6.)

This lawsuit stems from a complaint lodged by Defendant against Plaintiff through Amazon's internal patent infringement reporting and evaluation process, known as the Amazon Patent Evaluation Express ("APEX"). Defendant's APEX complaint accused Plaintiff's glass rinser product of infringing the '277 Patent. (Am. Compl. ¶¶ 3, 8.) According to the Amended Complaint, once an APEX proceeding is initiated, two scenarios will result in Amazon's removal of an accused product from its e-commerce marketplace: the APEX evaluator finds in favor of the patent owner or the accused seller fails to participate in the proceeding. (*Id.* ¶¶ 4, 6.) Here, Plaintiff alleges that Defendants initiated an APEX proceeding on March 24, 2023, asserting Plaintiff's glass rinser infringes claim 1 of the '277 Patent. (*Id.* ¶ 26.) Plaintiff further alleges that it did not participate in the APEX proceeding, and its accused product was thereafter removed from Amazon. (*Id.* ¶ 27.)

On April 11, 2023, Plaintiff filed this declaratory judgment action, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101, *et seq.* The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338. Defendant now moves for venue transfer pursuant to 28 U.S.C. § 1404(a).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 1404(a), a court "may transfer any civil action to any other district where it might have been brought" if the transfer will further "the convenience of the parties" and serve the "interest of justice." The statute applies "where both the original and requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995) (noting contrast between venue transfer statutes 28 U.S.C 1404(a) and 28 U.S.C. 1406, as the latter only applies if the original venue is improper). The transfer mechanism provided by Section 1404(a) aims "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense ...." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The party moving for transfer must "establish that the alternate forum is more convenient than the present forum." *Ferratex, Inc. v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 440 (D.N.J. 2015). The decision to transfer an action pursuant to Section 1404(a) rests in court's discretion, upon its evaluation of the specific, unique facts presented by each case. *Stewart Org., Inc. v. Ricoh, Corp.*, 487 U.S. 22, 29 (1988).

To determine whether a Section 1404(a) transfer is warranted, courts in this district apply the analysis articulated by the Third Circuit in *Jumara v. State Farm*. 55 F.3d at 879-80; *see, e.g. Eagle View Techs, Inc. v. GAF Materials, LLC*, 594 F. Supp. 3d 613, 619 (D.N.J. 2022) (applying *Jumara* factors to decide a Section 1404(a) transfer motion in a patent infringement action); *LG Elecs., Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 589-90 (D.N.J. 2001) (same). *Jumara* outlined twelve factors reflecting both private and public interests informing whether a transfer would further the goals of Section 1404(a), while also acknowledging "there is no definitive formula or list of the factors to consider." *Id.* at 879. The six private interest

factors are : (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) whether the underlying claim arose elsewhere; (4) the convenience of the parties based on their relative physical and financial condition; (5) the convenience of witnesses; (6) the location of books and records. *Jumara*, 55 F.3d at 879. The six public interest factors are: (1) the enforceability of any judgment obtained by the plaintiff; (2) practical considerations that could make trial easy, expeditious, or inexpensive; (3) administrative difficulty resulting from court congestion; (4) local interest in deciding local controversies; (5) the public policies of each forum; and (6) the familiarity of the trial judge with applicable law. *Id.* at 879-80.

### B.  Analysis

Before engaging in the Section 1404(a) transfer analysis, the Court must first determine that the suit "might have been brought" in the proposed transferee forum. *Jumara*, 55 F.3d at 879; *see also Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970) ("Prior to ordering a transfer the district court must make a determination that the suit could have been rightly started in the transferee district."). This standard is met if the transferee district has personal jurisdiction over the parties and constitutes a proper venue. *Interlink Prods. Int'l, Inc. v. Crowfoot*, Civil No. 20-7654, 2020 WL 6707946, at *6 (D.N.J. Nov. 16, 2020) (citing *Shutte*, 431 F.2d at 24).

Here, there is no dispute that the action might have been brought in the Southern District of Indiana. (*See* Def.'s Br. at 9; Pl.'s Br. at 5.) Defendant is an Indiana corporation with its principal place of business in Indianapolis, which is located within the geographic area covered by the Southern District of Indiana. As such, it is "at home" in Indiana and subject to personal jurisdiction in its federal courts. *See Daimler AG v. Bauman*, 571 U.S. 117, (2014) (holding, in the context of discussing the paradigmatic basis for general personal jurisdiction over a corporation, that a corporation is "at home" in its state of incorporation and the place where it

5

maintains its principal place of business). For the same reason, venue would be properly laid in the Southern District of Indiana according to 28 U.S.C. § 1391(b), the statute generally governing venue in civil actions, including this action for a declaratory judgment of patent non-infringement. *See Pro Sports Inc. v. West*, 639 F. Supp. 2d 475, 483 (D.N.J. 2009) ("Since this case involves claims of non-infringement and patent invalidity involving federal law, 28 U.S.C. § 1391(b) is the applicable provision."); *see also Horne v. Adolph*, 684 F.2d 255, 260 (3d Cir. 1982) (observing that "in declaratory judgment suits for patent invalidity or non-infringement the general venue provision, 28 U.S.C. § 1391, applies, rather than 28 U.S.C. § 1400(b).").[4] Section 1391(b)(1) provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Defendant, the only party against which this suit has been filed, resides in Indiana, as it is subject to personal jurisdiction within that state. *See* 28 U.S.C. § 1391(c) (providing that a defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). Accordingly, the Southern District of Indiana is an appropriate transferee forum, and the Court turns to evaluate whether Defendant's requested transfer is warranted, according to *Jumara*'s private and public interest factors.

---

[4] In contrast, venue in civil actions for patent infringement is governed by 28 U.S.C. § 1400(b). *See, e.g., Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F. Supp. 219, 226 (D.N.J. 1966) (noting that while the venue provision of 28 U.S.C. § 1400 applies to patent infringement suits, declaratory judgment actions for patent non-infringement and invalidity are governed by 28 U.S.C. § 1391); *Bristol-Meyers Squibb Co. v. Mylan Pharms. Inc.*, Civil No. 17-379, 2017 WL 3980155, at *6 n.8 (D. Del. Sept. 11, 2017) (noting that, in actions for declaratory judgment of patent non-infringement or invalidity, "'[v]enue is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), and not the special patent infringement venue statute, 28 U.S.C. § 1400(b).'") (quoting *U.S. Aluminum Corp. v. Kawneer Co.*, 694 F.2d 193, 195 (9th Cir. 1982)).

1. Private Interest Factors

The private interest factors weigh heavily in favor of transfer. The Court considers each, in turn.

The first factor, a plaintiff's choice of forum, is typically entitled to deference and should not be "lightly disturbed." *Jumara*, 55 F3d at 879. However, this principle rests "on the assumption that a home forum is inherently more convenient than a transferee forum." *LG Elecs.*, 138 F. Supp. 2d at 589 (citing *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633-34 (3d Cir. 1989)). Where the chosen forum is not a plaintiff's home forum, or has little connection to the parties or events underlying the claims, the weight afforded that choice is significantly diminished. *Id.* at 589-90 (reasoning that a plaintiff's forum choice was entitled to significantly less deference in the transfer analysis because the forum was neither plaintiff's home state nor the place where the lawsuit's operative facts occurred); *see also Liggett Group Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 530 (D.N.J. 2000) ("One situation where deference to the choice of forum is curbed is where the plaintiff has not chosen a home forum ... Another situation is where the choice of forum by a plaintiff has little connection with the operative facts of the lawsuit.").

Here, Plaintiff's choice is not entitled to substantial weight in the Court's analysis. This declaratory judgment action concerns whether Plaintiff has infringed the '277 Patent, but neither Plaintiff nor the manufacture and/or sale of its glass rinser products have any particular connection to New Jersey. Plaintiff has not chosen its home forum. It is a Chinese company, with no apparent physical presence in New Jersey.[5] Moreover, Plaintiff itself states its U.S. sales and

---

[5] Indeed, Defendant notes that United States Patent and Trademark Office records related to Plaintiff's registration of its HGN mark list its address as located in Wenzhou Zhejiang, China. (*See* Def.'s Br. at 7, n.2.)

marketing occur exclusively online. While some of the products sold may be directed to New Jersey, Plaintiff does not maintain operations in this state. In its opposition to the motion, Plaintiff does not dispute these facts but argues the Court should consider its reasons for filing this suit for a declaratory judgment of patent non-infringement in New Jersey, asserting that Plaintiff chose this forum due to its "overarching litigation strategy and this District's Local Patent Rules." (Pl.'s Opp'n at 6.) While this Court does not question these reasons, strategy and a preference for certain rules over others does not constitute a basis for affording Plaintiff's forum selection any deference.

In contrast, Defendant has demonstrated good grounds for its clear preference for the Southern District of Indiana. That forum is not only in the location where Defendant is incorporated and maintains its corporate headquarters, but it is also the location where many potential witnesses can be found. Defendant identifies various individuals who continue to be employed by Defendant, including many of the '277 Patent's inventors, who possess knowledge concerning matters likely relevant to Plaintiff's claims of non-infringement and Defendant's counterclaim for infringement. (Fisher Decl. ¶¶ 11, 14.) These matters include the development, design, and engineering of the Delta Glass Rinser, which will bear on the question of infringement, and its marketing and sale, which will bear on counterclaim damages. (*Id.* ¶ 11.) Defendant further asserts that its employee witnesses live in or near Indianapolis, that is, within the area covered by the transferee forum. (Fisher Decl. ¶¶ 13-14.) Additionally, Defendant's proximity to the courthouse in the Southern District of Indiana, also located in Indianapolis, further points to the greater convenience of litigating this action in that forum, as compared to

New Jersey, a forum that is foreign to both Plaintiff and Defendant.[6] In short, Defendant's preference strongly favors transfer of this action.

The place where Plaintiff's declaratory judgment claim arose also leans in favor of transfer. Generally, a claim arises in the forum containing the dispute's "center of gravity," that is, where the events and transactions central to the dispute occurred. *Allied Old Eng., Inc. v. Uwajimaya, Inc.*, Civil No. 11-1239, 2012 WL 3564172, at *4 (D.N.J. Aug. 16, 2012); *see also Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 482 (D.N.J. 1993) (stating the preferred forum in patent infringement action is the place encompassing "center of gravity of the accused activity."). Plaintiff argues that, here, this factor is neutral because it sold its glass rinser products nationwide, and as such, the accused activity underlying its claim for a declaration of non-infringement is not concentrated or centered in any one state. However, Plaintiff's argument elides that in this action, the gravamen of the claims and counterclaims concerns whether Defendant's '277 Patent has been infringed and/or is valid. It is undisputed that the invention was developed in Indiana. Plaintiff's allegedly infringing sales, on the other hand, have no particular connection to New Jersey, and indeed are sold from Plaintiff's foreign location to places throughout the United States, including the proposed transferee forum. In other words, New Jersey does not constitute this patent non-infringement action's center of gravity. In view of

---

[6] In its opposition brief, Plaintiff contends that Defendant does in fact have a physical presence in several New Jersey cities, basing this assertion on "publicly available information gathered from Defendant's website." (Def.'s Opp'n at 2. ) That information consists of job-posting pages on masco.com, the website maintained by Defendant's parent company Masco, publicizing employment opportunities with "Delta Faucet Company" and specifically identifying Cinnaminson, East Rutherford, and Westhampton, New Jersey as "DFC" locations. (Decl. of Nicholas Najera, Ex. A and B.) However, Defendant makes clear that, although Masco recruits employees for its various portfolio companies "through a common Delta website," Defendant itself does not employ any individuals or maintain operations in New Jersey. (Fisher Decl. ¶¶ 21-22.) Moreover, Defendant's reply clarifies that the New Jersey locations and related job postings referenced on the Masco website pertain to its other portfolio companies Kraus and Steamist. (Supp. Decl. of Susan Fisher ¶¶ 6-7.) Defendant reiterates that "[t]hese portfolio companies are separate from Delta Faucet and are distinct legal entities." (*Id.* ¶ 2c.)

these facts, as between the competing fora, the Southern District of Indiana, has a stronger link to the events and transactions underlying this lawsuit.

In evaluating the convenience of the parties, the focus in on the parties' relative physical and financial condition. Plaintiff maintains that Defendant has superior financial resources as a self-described leading U.S. manufacturer of faucets, whereas Plaintiff is a "relatively small e-commerce company." (Def.'s Opp'n at 8.) While the parties' respective financial condition may indicate that Defendant is capable of litigating far from its Indianapolis headquarters, Plaintiff's foreign location renders both the District of New Jersey and the Southern District of Indiana, in essence, equally distant fora and thus equally challenging in terms of the expense of litigation. There is no clear advantage to Plaintiff regarding its financial ability to litigate in one foreign forum versus another. However, the physical location of the parties supports the Southern District of Indiana as the more convenient of the two fora. As noted, although Plaintiff has no physical presence in either the District of New Jersey or the Southern District of Indiana, Defendant is headquartered in Indianapolis and is thus "at home" in the proposed transferee district. For this reason, the convenience of the parties supports venue transfer.

The convenience of the witnesses weighs heavily in favor of transfer of this action. This factor examines convenience "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Defendant has identified numerous individuals who have firsthand knowledge of the invention set forth in the '277 Patent, including the Glass Rinser's inventors. Critically, as concerns the convenience of witnesses who may be unavailable for trial, five of the eight inventors of the '277 Patent are no longer employed by Defendant, but Defendant proffers that at least four of these individuals continue to reside in Indiana. (Fisher Decl. ¶¶ 13-14.) As non-party witnesses, they would be unavailable for trial in

10

New Jersey, as they are beyond the subpoena power of this Court, but would be subject to the Southern District of Indiana's subpoena power under Federal Rule of Civil Procedure 45(c). Plaintiff counters this point solely by proposing that these non-party witnesses be subpoenaed for depositions in Indiana and that such testimony be preserved for use at trial. While such a mechanism exists to deal with witness unavailability, i.e., the *de bene esse* deposition, Plaintiff's response essentially concedes that, with respect to non-party witnesses, the Southern District of Indiana is clearly a more convenient forum than New Jersey.

Lastly, concerning the private interest factors, access to books and records presents a neutral factor in the transfer analysis. Defendant asserts the materials relevant to the '277 Patent and the Glass Rinsers are located and accessible in digitized form in its Indianapolis headquarters. However, any advantage provided by the proximity of the courthouse in the Southern District of Indiana to the location of these records is minimal, given the technological ability to produce such digitized records in this District.

2. Public Interest Factors

Most of the public factors are neutral and therefore warrant no detailed discussion. However, two considerations militate strongly in favor of transfer: Factor 2, practical considerations that could make trial easy, expeditious, or inexpensive; and Factor 4, local interest in deciding local controversies. As discussed, the proximity of Defendant's headquarters to the Southern District of Indiana's courthouse and location of the majority of witnesses within that District, or subject to its subpoena power, strongly indicate that efficiency would be served by transferring this action to a forum that is easily accessible by most individuals familiar with the Glass Rinsers and the '277 Patent. Indeed, transfer would likely facilitate case administration and scheduling, including the forum court's ability to conduct conferences and advance the action to

its ultimate resolution. The Court notes that this action is in its earliest stages, and thus no practical consideration concerning this Court's management of the case is served by retention in the District of New Jersey. Regarding local interest, the Southern District of Indiana has a greater interest than New Jersey in deciding a patent infringement dispute that revolves around the intellectual property belonging to one of its corporate citizens. Although patent infringement actions are matters of national importance, the strong connection between Indiana and Defendant, as compared to the apparent lack of any unique concern in New Jersey over this action, favors transfer as matter of advancing Indiana's local interest in determining whether Plaintiff's glass rinsers infringe Defendant's '277 Patent.

### III.  CONCLUSION

For the foregoing reasons, Defendant has met its burden of demonstrating that the relevant considerations strongly weigh in favor of transferring this action to the Southern District of Indiana. This Court concludes, in its discretion and based on the facts of this case, that both convenience and the interests of justice would be furthered by a transfer of venue. An appropriate order will be filed transferring this action to the Southern District of Indiana pursuant to Section 1404(a).

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

Dated: September 21, 2023